IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-319-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| JAMES KENNETH SHUFFORD, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a special agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodian, his mother, and the state probation officer who has been supervising him since 26 May 2010. The court also reviewed the pretrial services report and two orders from Wake County District Court obtained for the court by the Probation Office: a Consent Domestic Violence Order of Protection ("Domestic Protective Order"), entered 4 August 2009, against defendant, and an order denying a comparable domestic protective order against defendant's ex-wife. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community if defendant is released before trial. The government's motion is therefore GRANTED.

## Background

Defendant was indicted on 9 September 2010 for the following offenses occurring on or about 8 April 2010: possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) (ct. 1); possession of a firearm during and in furtherance of a drug trafficking

crime in violation of 18 U.S.C. § 924(c)(1)(A) (ct. 2); possession of a firearm (*i.e.*, a 12-gauge shotgun) and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 3); and possession of a firearm, the shotgun, and ammunition by a person who is subject to a domestic violence protective order in violation of 18 U.S.C. §§ 922(g)(8) and 924 (ct. 4). The evidence presented at the hearing showed that the charges arise from a consensual search of defendant's then-residence conducted by police who were looking for a fugitive not apparently associated with defendant. Officers smelled a strong odor of marijuana in the residence and located in defendant's bedroom a bag containing 11 pounds of marijuana; the 12-gauge shotgun, loaded; 9 millimeter and .380 ammunition; and $6,800.00 in cash. Defendant had been convicted in August 2008 of two felonies, both for eluding arrest with a motor vehicle in May 2008, and was on probation for these offenses at the time of the search. Defendant made the spontaneous statement to the officers conducting the search that he was trying to make money, implicitly through the sale of the marijuana, because he did not have a job.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the commission of the alleged offenses while on probation and while subject to the Domestic Protective Order that advised him that possession of a firearm while the order was in effect violated federal law (p. 1) and that itself ordered him not to possess any firearms,

2

and the relative recency of the alleged offenses (p. 3); defendant's criminal record, including the two felonies already referenced, a DWI conviction arising out of the same conduct underlying the felonies, and defendant's admitted act of domestic violence of kicking in the door of his ex-wife's home in anger on 8 July 2009 while on probation, as found in the state Domestic Protective Order (p. 2); the further finding in the Domestic Protective Order (p. 2), which admittedly expired by its own terms on 4 August 2010 (p. 1), that "[t]here is danger of serious and immediate injury to [his ex-wife]"; defendant's apparent marijuana habit; the unsuitability of the proposed third-party custodial arrangement (notwithstanding the clear suitability of the proposed custodian herself) due to the high risk of danger presented by defendant; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. For example, defendant's criminal record is devoid of any drug or firearms convictions, and all of his prior convictions arise from a single incident in which he was impaired while riding a motorcycle and fled from police. He also has significant education, is attending vocational school, and has substantial work experience. In addition, his state probation officer testified that he had been compliant and responsive, although she was unaware of the July 2009 episode of domestic violence or the Domestic Protective Order.

But these considerations are outweighed by the factors favoring detention. As discussed, the record shows defendant's utter disregard of the prohibition against his having a firearm imposed by federal law, presumably the terms of his state probation, and the Domestic Protective Order. Further, he engaged in such possession and drug trafficking despite supervision by a probation officer. As a consequence, this court has no confidence that defendant would comply with a directive by it that he not possess a firearm.

3

Moreover, defendant engaged in domestic violence while on probation. And a state court has found that he has presented a danger of serious and immediate injury to his ex-wife. There is also, of course, the presumption of detention and the other factors discussed favoring detention reviewed above.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of September 2010.

James E. Gates
United States Magistrate Judge