IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-319-FL-1
No. 5:12-CV-002-FL

| | | |
|---|---|---|
| JAMES KENNETH SHUFFORD, | ) | |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on the government's motion to dismiss ("Gov't's Mot.") [DE-38] Petitioner James Shufford's ("Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody ("Pet'r's Mot.") [DE-34]. Petitioner asserts his base offense level was erroneously calculated and should be reduced in light of the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). *Id.* at 5. The government has filed a memorandum in support of its motion, Mem. in Supp. of Mot. to Dismiss ("Gov't's Mem.") [DE-39], to which Petitioner has replied. Resp. in Opp'n to Gov't's Mot. to Dismiss ("Pet'r's Resp.") [DE-40]. The government has submitted a supplemental memorandum, Gov't's Supp. Mem. of Law as to Pet'r's Mot. ("Gov't's Supp. Mem.") [DE-41]. On October 9, 2012, the court directed the government to further particularize the grounds of procedural default it contends precludes Petitioner's collateral attack of his sentence. [DE-42]. Accordingly, the government submitted a second supplemental memorandum. Gov't's Second Supp. Mem. ("Gov't's Second Supp. Mem.") [DE-43].

Petitioner did not respond to the government's second supplemental memorandum. Petitioner's motion was referred to this court and is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CRIM. P. 59(b)(1)(B). For the following reasons, it is recommended that the government's motion to dismiss [DE-38] be allowed.

## I. BACKGROUND

On December 15, 2010, pursuant to a plea agreement, Petitioner entered a plea of guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm while subject to a domestic violence restraining order in violation of 18 U.S.C. §§ 922(g)(8) and 924. Mem. of Plea Agreement [DE-25]. The plea agreement provided in relevant part that Petitioner agreed to "waive knowingly and expressly . . . all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." *Id.* at 1 ¶ 2(c).

Under the then-existing Fourth Circuit precedent of *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), one of Petitioner's prior state court convictions qualified as a conviction of either a crime of violence or a controlled substance offense for federal sentencing purposes.[1] As such, Petitioner received a base offense level of 20 for having committed the "instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled

---

[1] According to Petitioner's Presentence Report ("PSR"), Petitioner was convicted of fleeing arrest with a motor vehicle in Wake County, North Carolina, serving as a felony conviction of either a crime of violence or a controlled substance offense for federal sentencing purposes. *See* PSR ¶¶ 9, 20.

2

substance offense" under U.S.S.G. § 2K2.1(a)(4)(A).[2] Petitioner's Presentence Investigation Report ("PSR") ¶¶ 30-38. On March 25, 2011, Petitioner was sentenced to a term of 41 months of imprisonment on both the marijuana and the firearm convictions. J. in a Criminal Case at 1-2 [DE-31]. The terms of imprisonment were ordered to run concurrently. The district court further imposed a three-year term of supervised release for each conviction to run concurrently. *Id.* at 3.[3] Petitioner did not challenge either his conviction or sentence on direct appeal to the Fourth Circuit. Rather, Petitioner has filed the instant motion pursuant to 28 U.S.C. § 2255 challenging his base offense level under U.S.S.G. § 2K2.1 which considered prior convictions in assigning a base offense level. Petitioner filed the instant motion on January 4, 2012 within one year of the date his judgment became final and is thus timely filed. 28 U.S.C. § 2255(f)(1).

## II. LEGAL STANDARDS

### A.  Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v.*

---

[2] Petitioner received a base offense level of 20 under the advisory United States Sentencing Guidelines which resulted in an adjusted offense level of 24 once specific offense level increases were applied. Three points were subtracted in light of his acceptance of responsibility resulting in a total offense level of 21. *See* PSR ¶¶ 30-38. Petitioner argues that his base offense level should be 14 because his state conviction does not constitute a qualifying conviction for purposes of determining the base offense level. Pet'r's Resp. at 2.

[3] The statutory provisions allow a maximum term of imprisonment of 5 years for the marijuana conviction. *See* PSR ¶ 40 (citing 21 U.S.C. § 841(b)(1)(D)). The maximum term of imprisonment for the firearm conviction is 10 years. *See id.* ¶ 41 (citing 18 U.S.C. § 924(a)(2)). Additionally, at least 2 years of supervised release are required if a term of imprisonment is imposed for the marijuana conviction. *See id.* ¶ 44 (citing 21 U.S.C. § 841(b)(1)(D)). For the firearm conviction, the maximum term of supervised release that can be imposed is not more than 3 years. *See id.* ¶ 45 (citing 18 U.S.C. § 3583(b)(2)). Petitioner's sentence fell at or below the statutory maximums. J. in a Criminal Case at 1-3.

3

*City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.     28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant

4

convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). However, a petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

### III. DISCUSSION

Petitioner's sole contention is that his base offense level, which was calculated based on a prior North Carolina conviction, was erroneous in light of *Simmons* and he seeks relief from his increased federal sentence. Pet'r's Mot. at 5. The government contends that the relief sought by Petitioner is barred by Petitioner's procedural default, by the fact that his claim is not cognizable

under § 2255 and by the appeal waiver contained in his plea agreement. Gov't's Mem. at 2-3; Gov't's Supp. Mem. at 2-5; Gov't's Second Supp. Mem. at 2-3.

## A. Effect of Procedural Default

Generally, claims that could have been but were not raised on direct review are barred on collateral review by procedural default. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir.), *cert. denied*, 131 S. Ct. 620 (2010). Indeed, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks and citation omitted). Therefore, in order to collaterally attack a conviction or sentence based upon errors that could have been but were not raised on direct appeal, a petitioner must show both cause to excuse his default and actual prejudice resulting from the errors of which he is complaining, or he must show that a "miscarriage of justice" would result from the court's refusal to consider his claim. *Mikalajunas*, 186 F.3d at 492-93 (citing *Frady*, 456 U.S. at 167-68 & *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994)). The cause sufficient to excuse procedural default must turn on something external to the defense, such as the novelty of the petitioner's claim or ineffective assistance of counsel. *Id.* at 493 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). In order to show that a miscarriage of justice would result from the refusal of the court to entertain the petitioner's collateral attack, a petitioner must demonstrate his actual innocence by clear and convincing evidence. *Id.* (citing *Murray*, 477 U.S. at 496). "'[A]ctual innocence' means factual innocence, not mere legal sufficiency." *Bousley*, 523 U.S. at 623.

Here, Petitioner acknowledges that he failed to appeal the purported erroneous calculation of his base offense level, but contends that he can establish cause to excuse his procedural default

6

based on the "substantial shift in the law" resulting from the Fourth Circuit's en banc decision in *Simmons* which made his claim "sufficiently novel."[4] Pet'r's Resp. at 3-4. Petitioner argues that prior to the court's en banc decision in *Simmons* his claim was not reasonably available. *Id.*

In order to establish cause for failing to raise an issue during trial and direct appeal based on a subsequent change in the law, the state of the law must have been such that the legal basis for the claim was not reasonably available when the matter should have been raised. *Mikalajunas*, 186 F.3d at 493 (citing *Turner v. Jabe*, 58 F.3d 924, 927-28 (4th Cir. 1995)). Petitioner must show that his claim is "so novel that its legal basis [was] not reasonably available;" in other words, a petitioner "must show that [at the time of his appeal period] his lawyer did not have a reasonable basis upon which to develop his legal theory." *Turner*, 58 F.3d at 927-28 (quoting *Reed v. Ross*, 468 U.S. 1, 16, 17 (1984) (internal quotation marks omitted)). The fact that at the time petitioner may have perceived that the law did not favor his claim, that his claim would have been futile, or that circuit precedent may have been adverse to his claim does not mean that the basis for such claim was then unavailable. *Gadson v. United States*, Nos. 4:05-CR-55-FL, 4:11-CV-51-FL, 2012 U.S. Dist. LEXIS 105800, at *24 n.7, 2012 WL 3095569, at *7 n.7 (E.D.N.C. July 30, 2012) (citing *Page v. United States*, 440 Fed. Appx. 767, 768-69 (11th Cir. Sept. 8, 2011)); *see Turner*, 58 F.3d at 927-28.

Petitioner cannot demonstrate cause based on the argument that a change in the law, *i.e.,* the intervening decision of the Fourth Circuit in *Simmons*, excuses his default. Petitioner's fourteen day period in which to seek direct appeal of his sentence began March 25, 2011, when

---

[4] Petitioner does not contend actual innocence in support of a procedural default exception.

he was sentenced, and expired on April 8, 2011. *See* Fed. R. App. P. 4(b); [DE-31]. Even though the Fourth Circuit did not issue its en banc *Simmons* decision until August 17, 2011, approximately four months after Petitioner's appeal period had expired, much had developed in the area of felony classification which precludes Petitioner's argument for cause. For example, the Supreme Court decision in *Carachuri* was issued on June 14, 2010, almost nine months prior to Petitioner's sentencing. *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010). Additionally, *Simmons* was remanded to the Fourth Circuit on June 21, 2010 for consideration in light of *Carachuri*, still almost nine months prior to Petitioner's sentencing. *Simmons v. United States*, __ U.S. __, 130 S. Ct. 3455 (2010). After affirming its earlier panel decision on February 16, 2011, the Fourth Circuit then granted an en banc rehearing on March 18, 2011. *See United States v. Simmons*, 635 F.3d 140 (4th Cir. 2011).

Indeed litigation arose following the Supreme Court's issuance of *Carachuri* debating the impact of this ruling on Fourth Circuit precedent. Several defendants in cases throughout the circuit sought direct appeal of their conviction or sentence relying solely on *Carachuri* as the Fourth Circuit had not yet issued its en banc decision in *Simmons*. *See United States v. Brace*, 448 Fed. Appx. 346 (4th Cir. Sept. 30, 2011) (defendant appealed whether prior state conviction was felony for purposes of statute prohibiting convicted felon of possessing firearm) (notice of appeal filed Nov. 4, 2010);[5] *United States v. Thompson*, 443 Fed. Appx. 882 (4th Cir. Aug. 24, 2011) (defendant appealed whether his prior conviction qualified as felony conviction to justify exposing him to higher offense level) (notice of appeal filed Dec. 7, 2010); *United States v. Garmon*, 449 Fed. Appx. 306 (4th Cir. Oct. 12, 2011) (defendant appealed denial of his motion

---

[5] See Fourth Circuit CM/ECF Docket: https://ecf.ca4.uscourts.gov.

to dismiss indictment on grounds that none of his prior convictions was punishable by a term of imprisonment exceeding one year) (notice of appeal filed Aug. 23, 2010); *United States v. Harper*, 448 Fed. Appx. 347 (4th Cir. Sept. 30, 2011) (motion to withdraw guilty plea and to vacate sentence on grounds that defendant's prior conviction could not serve as a predicate conviction pursuant to 18 U.S.C. § 922(g)) (notice of appeal filed Oct. 12, 2010); *United States v. Brown*, 451 Fed. Appx. 315 (4th Cir. Oct. 21, 2011) (defendant appealed his 18 U.S.C. § 922 conviction and had reserved right to appeal whether his prior state convictions were punishable by more than one year of imprisonment) (notice of appeal filed Mar. 4, 2011); *United States v. Wilson*, 450 Fed. Appx. 236 (4th Cir. Oct. 11, 2011) (after filing a timely appeal, defendant filed an unopposed motion to vacate his 18 U.S.C. § 922(g) conviction) (notice of appeal filed Apr. 1, 2011); *see also United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011) (court ordered defendant to be resentenced where defendant's prior conviction did not qualify as prior felony drug offense in light of *Carachuri*); *United States v. Melendez-Marcia*, 416 Fed. Appx. 346 (5th Cir. Jan. 20, 2011) (court vacated sentence of enhanced guidelines base offense level based on prior conviction in light of Supreme Court's holding in *Carachuri*). This wealth o flitigation indicates to the court that the claim asserted presently by Petitioner is not so novel that it was unavailable to him at the time of any direct appeal. Indeed, within this district alone, several defendants litigated the impact of the Supreme Court's decision in *Carachuri* and its purported effect on Fourth Circuit precedent in similar fashion to Petitioner's present argument well before the Fourth Court issued its en banc decision in *Simmons*. *See Walker v. United States*, Nos. 7:07-CR-76-1-BR, 7:10-CV-176-BR, 2011 U.S. Dist. LEXIS 38232, 2011 WL 1337409 (E.D.N.C. Apr. 7, 2011) (government's motion to dismiss § 2255 petition in part because predicate state

convictions for career offender sentencing enhancement no longer valid in light of *Rodriguez & Carachuri* which overruled Fourth Circuit precedent in *Harp*; acknowledging Fourth Circuit's vacatur of its *Simmons* panel decision and granting en banc hearing); *United States v. Hopkins*, No. 5:10-CR-261-FL-1, 2010 U.S. Dist. LEXIS 125990, 2010 WL 4974082 (E.D.N.C. Oct. 21, 2010) (M&R) (defendant filed motion to dismiss indictment on grounds that defendant was not a felon pursuant to *Carachuri*); *United States v. Rivera*, No. 5:10-CR-375-FL-1, 2011 U.S. Dist. LEXIS 32462, 2011 WL 1134656 (E.D.N.C. Mar. 3, 2011) (same); *Robinson v. United States*, Nos. 5:07-CR-140-BR, 5:10-CV-361-BR, 2011 U.S. Dist. LEXIS 16426, 2011 WL 676184 (E.D.N.C. Feb. 18, 2011) (government's motion to dismiss § 2255 petition in part because predicate state convictions for career offender sentencing guideline enhancement in light of *Rodriguez & Carachuri*); *United States v. Etheridge*, No. 5:10-CR-206-BO-2, 2010 U.S. Dist. LEXIS 126254, 2010 WL 4974559 (E.D.N.C. Nov. 30, 2010) (defendant's motion to dismiss firearm charge on grounds that predicate conviction was not a felony pursuant to *Carachuri & Rodriguez*); *United States v. Wright*, No. 5:09-CR-114-BO-1, 2010 U.S. Dist. LEXIS 110149, 2010 WL 4065429 (E.D.N.C. Oct. 15, 2010) (same); *United States v. Martin*, No. 5:10-CR-232-H, 2011 U.S. Dist. LEXIS 18944, 2011 WL 779887 (E.D.N.C. Feb. 25, 2011) (same); *Bronson v. United States*, Nos. 5:06-CR-249-D, 5:11-CV-88-D, 2011 U.S. Dist. LEXIS 64044, 2011 WL 2416100 (E.D.N.C. June 15, 2011) (petitioner's motion to vacate under § 2255 on grounds that court erroneously classified him as career offender and the Fourth Circuit erroneously affirmed his sentence in light of *Carachuri*); *see also United States v. Austin*, No. 3:10-CR-99-FDW-DCK, 2010 U.S. Dist. LEXIS 104328, 2010 WL 3895781 (W.D.N.C. Sept. 30, 2010) (defendant's motion to dismiss firearm charge on grounds that his prior convictions do not

10

qualify as predicate offenses pursuant to *Carachuri & Rodriguez*); *United States v. Thompson*, No. 3:05-CR-294-2, 2010 U.S. Dist. LEXIS 115604, 2010 WL 4236532 (W.D.N.C. Oct. 21, 2010) (court rejected government's sentencing enhancement recommendation based on defendant's two prior drug convictions pursuant to *Carachuri*). From this cursory survey, it appears that by the time of Petitioner's direct appeal period, the argument he now advances had been "perceived by other defendants." *See Turner*, 58 F.3d at 929 (citation omitted). Therefore, the court cannot conclude that Petitioner lacked the tools to construct a claim without the benefit of the en banc decision in *Simmons*. *See id.*

Finally, the fact that the en banc *Simmons* decision may have made Petitioner's claim more viable is not sufficient to establish cause. Petitioner had sufficient information, based on the aforementioned litigation, to file a notice of appeal on the issues raised in *Simmons*. *See Bousley*, 523 U.S. at 623 ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." (internal quotation marks and citations omitted)); *see Turner*, 58 F.3d at 929 (citing *Smith v. Murray*, 477 U.S. 527, 537 (1986) (explaining that "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all")).

Because the court finds that Petitioner cannot show cause, the court need not determine whether Petitioner has shown sufficient prejudice. Further, since Petitioner does not assert actual innocence, the court declines to address this exception to procedural default.[6]

---

[6] The government asserts that Petitioner is claiming "actual innocence" and seeks dismissal on the grounds that "actual innocence" is not a valid excuse to Petitioner's procedural default. Gov't's Supp. Mem at 3-4. Although Petitioner does not appear to assert actual innocence in excusing procedural default, such argument would appear to be foreclosed as Petitioner does not assert that he is factually innocent of the predicate state conviction. *See*

11

## B. Effect of Guideline Errors

Section 2255(a) recognizes that a § 2255 motion provides relief for sentences that exceed the maximum authorized by law. 28 U.S.C. § 2255(a). However, it is generally recognized that errors in the application of the United States Sentencing Guidelines cannot be raised in a subsequent § 2255 motion since they do not constitute a miscarriage of justice absent a sentence exceeding the statutory maximum. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also Mikalajunas*, 186 F.3d at 496 (holding that claims of guideline application are not cognizable under § 2255 because they fall short of a miscarriage of justice). Thus, a petitioner who has been sentenced within the statutory maximum may not seek relief under § 2255. *Jones v. United States*, Nos. 4:09-CR-81-BO, 4:12-CV-94-BO, 2012 U.S. Dist. LEXIS 136280, at *2, 2012 WL 4432675, at *1-*2 (E.D.N.C. Sept. 24, 2012) (citing *United States v. Powell*, 691 F.3d 554, 563 (4th Cir. 2012) (King, J., dissenting)); *Farmer v. United States*, Nos. 5:02-CR-131-BO, 5:11-CV-642-BO, 2012 U.S. Dist. LEXIS 164227, at *4, 2012 WL 5835524, at *2 (E.D.N.C. Nov. 16, 2012); *Dailey v. United Sates*, Nos. 7:06-CR-36-BO, 7:12-CV-224-BO, 2012 U.S. Dist. LEXIS 161419, at *5, 2012 WL 5471156, at *2 (E.D.N.C. Nov. 9, 2012); *Jackson v. United States*, Nos. 3:04-CR-162-FDW-2, 3:11-CV-673-FDW, 2012 U.S. Dist. LEXIS 156006, at *9, 2012 WL 5379057, at *3 (W.D.N.C. Oct. 31, 2012).

In light of the foregoing, the court finds that Petitioner's challenge to the calculation of his base offense level is not cognizable under § 2255 as Petitioner did not receive a sentence that exceeds his statutory maximum. Additionally, Petitioner has not alleged any facts which make the alleged guideline calculation error result in a miscarriage of justice, thus allowing for

---

Pet'r's Resp. at 3-4; *see also Bousley*, 523 U.S. at 623.

12

collateral attack of his sentence. *Mikalajunas*, 186 F.3d at 496.

## C. Effect of the Appeal Waiver Contained in Petitioner's Plea Agreement

Additionally, the government relies on Petitioner's waiver of appellate rights, including the right to contest a sentence in a post-conviction proceeding pursuant to § 2255, as grounds for dismissal. Gov't's Mem. at 2-3. Petitioner argues his claim under *Simmons* could not have been contemplated at the time he entered his plea agreement and, as a result, his motion falls outside the scope of his plea agreement waiver. Pet'r's Resp. at 2-3.

A court will generally uphold a plea waiver if the record establishes the waiver is (1) valid and (2) the issue being appealed is within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). A petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary." *Lemaster*, 403 F.3d at 220; *see also United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991) (finding waiver is valid only insofar as it is the result of a knowing and intelligent decision to forgo the right to appeal). An appellate waiver is generally considered to be knowing and intelligent where the court specifically questions the defendant about the waiver and the record reflects the defendant understood the significance of the waiver. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). As to the issue of scope, the Fourth Circuit has identified a narrow class of claims that fall outside the scope of a valid waiver of collateral attack rights and of direct appeal rights: (1) claims that the sentence was imposed in excess of the maximum penalty provided by law, (2) claims that the sentence was based on a constitutionally impermissible factor such as race, or (3) claims that the defendant was deprived of effective assistance of counsel at a proceeding following the entry of the waiver, such as at sentencing. *United States v. March*, No.

13

3:08-590-CMC, 2012 U.S. Dist. LEXIS 22178, at *11, 2012 WL 570183, at *4 (D.S.C. Feb. 22, 2012) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) & *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)). Moreover, courts typically "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Johnson*, 410 F.3d at 151 (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (internal quotation marks omitted)).

While Petitioner does not contest the validity of the plea agreement, review of the record indicates that Petitioner entered his plea in accordance with the plea agreement freely and voluntarily. [DE-22, 23]. Having determined Petitioner's waiver of his post-conviction rights was valid, the court must next determine whether Petitioner's current challenges to his sentence fall outside the waiver's scope.

Petitioner contends that his claim under *Simmon*s is not barred by an appeal waiver because his particular post-conviction claim falls outside the parameters of his plea waiver. Pet'r's Resp. at 3. In support, Petitioner contends that enforcement of the waiver will result in a "miscarriage of justice" and that Petitioner "could not have reasonably foreseen this [] change." *Id.* Though not stated directly, Petitioner's miscarriage of justice argument essentially asserts that he is innocent of the state conviction upon which the court relied in determining Petitioner's base offense level. Petitioner's innocence claim, however, is foreclosed by the Fourth Circuit's decision in *Pettiford.* 612 F.3d 270. In *Pettiford*, the Fourth Circuit held that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." 612 F.3d at 284. Though Petitioner is not contesting a habitual offender

14

provision, the same logic of *Pettiford* applies because it concerns the eligibility of prior crimes in sentencing. Petitioner does not contend that he did not commit the prior state offense for which he was convicted; rather, he contests the legal classification of his prior state conviction in determining his base offense level at sentencing.

Further, the Fourth Circuit has made clear that errors a defendant "could not have reasonably contemplated" upon entering the plea agreement, as Petitioner argues here, involve only a "narrow class of claims" such as the imposition of a sentence in excess of the statutory maximum penalty, based on a constitutionally impermissible factor such as race or in violation of the petitioner's Sixth Amendment right to counsel. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). Petitioner's sentence was not above the statutory maximum nor was it based on an impermissible factor such as race or in violation of his right to counsel. In short, Petitioner's sentence simply was not in violation of the law at the time it was imposed. Additionally, as previously stated, alleged errors in interpreting or applying the sentencing guidelines, generally fall short of the complete miscarriage of justice showing necessary to support § 2255 relief. *See Mikalajunas*, 186 F.3d at 496 (finding that an alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice" to warrant relief under § 2255). Accordingly, this court finds that the Petitioner has effectively waived his right to challenge his sentence on the grounds he asserts in the instant post-conviction proceeding.

## IV. CONCLUSION

Based upon the foregoing, the court recommends the government's motion to dismiss

15

[DE-38] be ALLOWED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 28th day of November, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge