IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-319-FL
No. 5:12-CV-2-FL

| | |
|---|---|
| JAMES SHUFFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 34). The government filed a motion to dismiss (DE 38), to which petitioner has responded. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R") (DE 44) wherein it is recommended that the court dismiss petitioner's motion to vacate. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the court dismisses petitioner's motion.

**BACKGROUND**

Petitioner pleaded guilty to possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm and ammunition while subject to a domestic violence protective order in violation of 18 U.S.C. §§ 922(g) and 924. On March 25, 2011, petitioner was sentenced to a term of 41 months imprisonment. Petitioner did not appeal. On January 4, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing his

guideline sentencing range should be reduced in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government moves to dismiss on the basis that petitioner's Simmons claim is barred by the waiver in petitioner's plea agreement. Petitioner's counsel notes that petitioner was released from federal prison on September 6, 2013, and notes his claim is moot.

## DISCUSSION

A. Plea Waiver

The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a Simmons claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. Id. at 525 & 529.

Here, petitioner does not contend his plea waiver was invalid. Petitioner's Simmons claim is based upon an enhancement to his sentencing guidelines range within the maximum penalty provided by statute. Thus, petitioner's Simmons claim falls within the scope of the plea waiver, and is barred thereby. Accordingly, his petition must be dismissed.

In addition, petitioner "cannot seek relief under the typical remedies for a direct or collateral attack of a federal judgment and sentence because he is no longer in custody." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (citing 28 U.S.C. § 2255; 28 U.S.C. § 2241).

Accordingly, his petition must be dismissed for this additional reason.

B. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

For the foregoing reasons, the court adopts the recommendation of the magistrate judge, and GRANTS the government's motion to dismiss (DE 38), and DISMISSES petitioner's motion to vacate (DE 34). A certificate of appealability is DENIED.

SO ORDERED, this 6th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge